UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY BRINSON-HAYNES,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, also known as Amtrak, and CITY OF CARBONDALE,<br><br>        Defendants. | Case No. 25-cv-1926-JPG |

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court undertakes a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").  The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 7) filed by plaintiff Betty Brinson-Haynes:

1.  **Failure to allege the citizenship of an individual.**  The Civil Cover Sheet indicates the plaintiff is relying on diversity jurisdiction.  A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence.  28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are jurisdictionally insufficient.  *Steigleder v. McQuesten*, 198 U.S. 141 (1905).  Dismissal is appropriate where parties allege residence but not citizenship.  *Held*, 137 F.3d at 1000. The plaintiff alleges her residence, not her citizenship.

2.  **Failure to allege complete diversity.**  Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that "no party on the plaintiff's side of the suit shares citizenship with any party

on the defendant's side." *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).  Even if the plaintiff had alleged she was a citizen (instead of a resident) of Illinois, there would not be complete diversity because she and the defendant City of Carbondale would both be Illinois citizens.

3. **Failure to allege a mass action under 28 U.S.C. § 1369.**  The Complaint indicates the plaintiff is relying on jurisdiction under 28 U.S.C. § 1369, the provision creating original federal jurisdiction with only minimal diversity for mass disasters.  The statute covers an action "that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  However, the plaintiff alleges a single instance of a trip-and-fall accident involving only herself.

The Court hereby **ORDERS** the plaintiff to **SHOW CAUSE** on or before **November 21, 2025,** why the Court should not dismiss this case for lack of subject matter jurisdiction.  Failure to respond to this order may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**
**DATED:   October 28, 2025**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**